# CHARLESTON.

BALT. & O. R. Co. *vs.* VANDERWERKER.

*(GREEN, J., Absent.)

Submitted September 9, 1889.—Decided November 18, 1889.

33   191
44   231
44   233
45   679

33   191
154   606

1. DECREE.
    Though a decree be final, its finality will not prevent any proceedings by the court necessary and proper to carry it into complete execution.

2. DECREE—RULE.
    Under the circumstances of this cause, it was erroneous to dismiss a certain rule absolutely, without providing that such dismissal should not prejudice other proper proceedings to accomplish the relief sought by the rule. •

3. REMOVAL OF CAUSES.
    Where in a cause a petition is filed to obtain relief as to part of a fund in the hands of a receiver under decrees in the cause, and that petition is removed for decision to another county, though there had been a final decree in the case, if it be doubtful whether the Circuit Court intended to remove the entire cause, or only the petition, it will be considered that the entire cause was removed, where necessary to administer full justice in the cause.

*On account of illness.

*J. J. Wade* and *M. H. Dent* for appellant.

*J. A. Hutchinson* for appellee.

BRANNON, JUDGE:

In 1853 creditors of Isaac J. Vanderwerker under attachments garnished the Baltimore & Ohio Railroad Company as indebted to him, and it filed a bill of interpleader to settle the amount due from it and the rights of the attaching creditors. It paid into Court $5,333.25, as the amount which it claimed it owed. Under a report of a commissioner under a reference the court decreed certain debts to said attaching creditors, among them to Martin & McKinney, $190.50; George A. Chany, $790.50; Benjamin Parlin, $201.00; Stephen Benson, $82.41; and directed the receiver to apply said fund paid by the company to such creditors. Afterwards, on February 3, 1864, the court decreed a further sum of $4,314.24 as the full amount due from the company to Vanderwerker, ordered that it be paid by the company to James O. Watson, receiver, and that the creditors whose debts had been decreed be paid so much as was necessary to satisfy them, and the residue to Vanderwerker. Vanderwerker afterwards, in December, 1882, filed his petition, alleging that said Martin & McKinney went away, no one knew whither, and could not be heard of or ascertained, though efforts specified in the petition had been made to find them, and had abandoned any further effort to collect the debt by their attachment, or had received payment from some other source, and prayed that an order be made directing the receiver to pay to him the fund in his hands without regard to said Martin & McKinney. No process issued on this petition, and it made no parties.

Receiver Watson filed a report touching the fund, showing that he permitted the Baltimore & Ohio Railroad Company to retain $4,000.00 as the amount of six debts decreed to creditors, as the company claimed to be assignee of them, and took an indemnifying bond to indemnify him against harm therefor. Exceptions to this report were filed, and a reference was made to Commissioner Abbot to report whether said claims had been assigned to said com-

pany, and whether it had paid any of them, and what it had paid, and to whom, and whether Nye & Robert were entitled, as assignees, to debts decreed Chany and Benson and Parlin, they having claimed same in exceptions to Watson's report.

Then an order was made by the Marion court, under the caption, "The Baltimore & Ohio Railroad Company *vs.* Isaac J. Vanderwerker and others," reciting that the judge "being so situated in respect to the petition filed in this cause by Isaac J. Vanderwerker, and the matters arising thereon, as to make it improper for him to decide the same," it ordered "that said petition be, and it is hereby, removed to the Circuit Court of Taylor county." By an order then made Abbot was removed, and Commissioner Dent substituted in his place to make the report Abbot had been required to make. His report was that the Baltimore & Ohio Railroad Company was not assignee of the debts it claimed to own, but owed yet to the receiver, under the former decree, $4,336.89, and that there was a balance of what had been paid the receiver in his hands of $806.88. The Court appointed M. H. Dent receiver in the place of Watson, and decreed that Watson pay said balance to Dent, and awarded a rule against the Baltimore & Ohio Railroad Company to show cause why Commissioner Dent's report should not be confirmed, and execution issued against said company for the balance found unpaid in its hands.

Watson obtained a suspension of the order requiring him to pay said balance, and the Baltimore & Ohio Railroad Company filed an answer to the rule, contending that no suit was pending, and no order of reference could be made; and that there was no cause in which to direct an execution, because no part of the decree was unpaid; and that if any of it was unpaid Watson alone could, as receiver, enforce it; that it owned said six debts—but whether it did or not, the question could not be decided in this cause. The Court decreed that Vanderwerker was not entitled to relief, and dismissed his petition, and that the order directing Watson to pay the $806.88 in his hands to M. H. Dent, special receiver, be set aside, and that the rule against said company be discharged. Vanderwerker and Robert Smith, who was found by the

report to be assignee of the debts decreed to Parlin and Benson and Nye, assignee of Chany, appeal here.

As to Vanderwerker's petition : he made no parties. It proposed to have the Court decree to him debts which, by the final decree, had been allowed to Martin & McKinney. That decree adjudged that debt against him, and vested absolute title to it in Martin & McKinney. He showed no release by them, no payment from him or any one else of the debt, whereby he might set up a claim that the money in the hands of the receiver going to that debt had reverted to him. No process was served on Martin & McKinney or the railroad company, so as to contest such claim. A mere commissioner's newspaper notice, if one was published under the order, for them to appear, without any proof of payment or release of their debt, would not do. What right had he to this debt ? None is shown. His petition was properly dismissed.

It is made a question here whether the order of removal from Marion to Taylor was simply a removal of Vander-werker's petition, or of the whole cause. Vanderwerker's petition concerning the right to a debt decreed to be paid by the receiver, and thus concerning the state of the receiver's account, could not well be adjudicated without the cause in which it was filed. We hardly think it was the intention of the court to remove only the petition, and that to the ends of justice it ought to be construed as not separating the petition from the parent cause, and thus dividing the proceedings into two parts—one part in Marion, one in Taylor. So far as essential to carry out the former decree, we think we should say that the Circuit Court of Taylor had possession of the cause, to do what remained undone. Thus it could compel Receiver Watson to perform his functions, or, for more method, (as it involved debts partially paid by the deposit made by the company, and some unpaid) appoint a new receiver, and transfer the balance, to subserve this method, to the hands of the new receiver.

As the Baltimore & Ohio Railroad Company had not paid the fund it was decreed to pay to Receiver Watson, claiming to be, by reason of subsequent assignment, owner of certain debts, it was competent for the court to compel it

to carry out the decree requiring it to pay, giving it a day in court to present its rights. It is said here that the Circuit Court took the view that the decrees in Marion fixing the liability of the Baltimore & Ohio Railroad Company and the rights of the attaching creditors, and requiring payment to, and disbursement of the fund by, the receiver, was final, and this precluded any action to compel Receiver Watson to pay to Receiver Dent the balance in his hands, or the rule against the railroad company to compel it to pay, and that it was without jurisdiction. For certain purposes assuredly they were final decrees. So far as concerned the rights and liabilities of the parties at the dates of the decrees, they were final. They were final, for instance, to show the extent of the liability of the said company, and that Martin & McKinney owned and had right to the debt decreed them as against Vanderwerker.

But the decrees were not final to prevent the court's requiring the receiver to obey its order as to the fund, or to prevent its steps to compel a debtor holding a fund, whom it had, in an interpleader cause, required to pay money to it, (the court,) in order that it might distribute the money among those it had recognized as entitled to it. This was not repassing on the merits or the pleadings at the dates of the decrees, but simply executing them. Here it appeared by the report, clearly, that Nye and Smith, assignees, were entitled to debts to be paid out of the fund, and were entitled to relief; yet the court dismissed the rule against the Baltimore & Ohio Railroad Company without any exception to the report of Commissioner Dent, on which it was based, without any reservation; and, the court having jurisdiction, this would preclude and bar the parties interested from further relief against the company, even by execution, for that was a purpose of the rule. Had it dismissed the irregular proceedings without prejudice, likely there would be no ground for reversing it. The rule was based on Commissioner Dent's report, a report by Receiver Watson having been filed showing that he had permitted the Baltimore & Ohio Railroad Company to retain in its hands, and not pay to him, a large part of the fund, as required by the decree, the said company claiming to own the debts for

which such retention was made, this settlement was directed, and on the report under it this rule was taken.

In view of this claim and claims of other parties to other debts, we think the court should have required any party wishing to set up a claim to any part of the fund by assignment after the decrees to file a petition setting up his claim and making defendants parties interested in such claim, or allow Smith and Nye, or any party interested, to file a petition setting up and controverting the claim made by any other party, and making proper parties, so that these important matters might be litigated and finally passed on. We think the proceedings irregular.

The mere exceptions to a commissioner's report, such exceptions informally setting up title to debts, do not stand in the place of specific pleadings. We do not see that the action of setting aside the former order, requiring Receiver Watson to pay the fund in his hands to Special Receiver Dent, is ground of error, though it may have been entirely right and advisable, for sake of method and uniformity in the process of distribution, to place it in one hand ; but that was a matter of the court's discretion, in which no party had a particular interest, so as to make it an error aggrieving him.

The decree of the Circuit Court discharging the rule against the Baltimore & Ohio Railroad Company is reversed, with costs against it, and the cause remanded, with directions to require some one or more parties to file and mature such petition or petitions as are above indicated, if they desire to prosecute these matters further, and further to proceed according to the principles of courts of equity.

REVERSED.    REMANDED.